Danny J. Horen, Esq.
NV Bar No. 13153
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Telephone: (800) 400-6808x7
Facsimile: (800) 520-5523
danny@kazlg.com

David H. Krieger, Esq.
NV Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
Sanford Buckles

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**SANFORD BUCKLES on behalf of himself and others similarly situated,**

Plaintiff,

v.

**GREEN TREE SERVICING, LLC, and WALTER INVESTMENT MANAGEMENT CORPORATION**

Defendants.

**Case No.:** 2:15-cv-01581-GMN-CWH

**FIRST AMENDED COMPLAINT FOR CLASS ACTION COMPLAINT FOR DAMAGES PURSUANT TO NRS 200.600 ET SEQ.**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. SANFORD BUCKLES ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GREEN TREE SERVICING, LLC ("Green Tree") and WALTER INVESTMENT MANAGEMENT CORPORATION ("Walter Investment"), jointly as "Defendants" in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of Nevada Revised Statute ("NRS") 200.600 *et seq*., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.
2. NRS 200.620 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a telephone. There is no requirement under NRS 200.620 that the communication be confidential, only that it not be for public use. Plaintiff alleges that Defendants continue to violate NRS 200.620 by impermissibly recording its telephone conversations with Nevada residents.

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff is a resident of the state of Nevada, seeking relief on behalf of a class, which will result in at least one class member belonging to a different state than that of the Defendant. Green Tree is a Delaware Limited Liability Company with a principal place of business in Minnesota. Green Tree is notably listed as a foreign limited-liability company with the Nevada Secretary of State, carrying Nevada Business ID "NV20031086723". Walter Investment has a principal place of business in Florida. Plaintiff also seeks the greater of statutory damages of $1,000 per violation per day for the three year statute

of limitations pursuant to NRS 200.690 and NRS 11.190, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there, and the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Green Tree is registered with the Nevada Secretary of State with a registered agent of service in Las Vegas, Nevada.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a natural person residing in the County of Clark, State of Nevada.

10. Green Tree is, and at all times mentioned herein was, a limited liability corporation operating in Nevada, whose primary address is in St. Paul, Minnesota. Green Tree is a wholly owned subsidiary of Walter Investment Corporation, whose principal place of business is in Florida.

11. Green Tree is a mortgage servicer and debt collector, offering post-default debt collection services on debts allegedly owed by consumers.

12. Green Tree has a policy and practice of recording telephone conversations with the public, including Nevada residents. Green Tree's employees and agents are directed, trained and instructed to, and do, record, telephone conversations with the public, including Nevada residents.

13. Green Tree was acting as the agent for Walter Investment, the principal, at all times relevant. In this capacity, Green Tree was authorized to act on behalf of Walter Investment.

14. At a minimum, Green Tree maintained apparent authority to act on behalf of Walter Investment, since Plaintiff reasonably believed that an agency relationship existed between Defendants, and this reasonable belief was traceable to a manifestation of Defendants, whose websites both clarify their relationship.

15. Walter Investment knowingly accepted the benefits of the violations alleged herein by receiving compensation from consumers from whom Walter Investment's agents, Green Tree serviced loans and collected debts on behalf of Walter Investments.

## FACTUAL ALLEGATIONS

16. Beginning in and around early 2013, Green Tree had numerous telephone conversations with Plaintiff regarding a home loan modification and debt collection.

17. Over a span of months in 2013 and continuing into 2014, Plaintiff and Green Tree discussed a home loan modification for Plaintiff's home in Las Vegas. During this time, Plaintiff and Green Tree had at least five (5) telephone communications.

18. At no time during these telephonic communications did Green Tree advise Plaintiff that Green Tree was recording the conversation.

19. At no time during any telephonic conversations did Plaintiff give consent for the telephone call with Green Tree to be monitored, recorded and/or eavesdropped on.

20. Plaintiff had no reasonable expectation that any part of the telephone conversations with Green Tree would be monitored, recorded and/or eavesdropped upon because Green Tree simply did not disclose that the calls were recorded, despite the fact that recording every telephone call is Green Tree's policy.

21. Plaintiff did not hear intermittent beeps during the call(s) that may have alerted Plaintiff to the fact Green Tree was recording the call; nor did Green Tree cause intermittent beeps to be heard, which could have altered the Plaintiff to the calls being recorded.

22. Plaintiff was shocked to discover Green Tree recorded, monitored and/or eavesdropped upon the calls without Plaintiff's knowledge or consent.

23. During these conversations with Green Tree, Plaintiff discussed highly personal and private information that Plaintiff had not openly discussed with others, including Plaintiff's financial status.

24. Plaintiff had no reasonable expectation that Plaintiff's telephone conversations with Green Tree would be recorded due to the private subject matter being discussed.

25. During the relevant time period, Green Tree had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Green Tree's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other Nevada residents.

26. During the relevant time period, all of Green Tree's calls to the public, including those made to Nevada residents, were recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other Nevada residents.

27. During the relevant time period, all of Green Tree's outbound calls to the public, including those made to Nevada residents, were recorded without the knowledge or consent of the public, including Plaintiff and other Nevada residents.

28. Green Tree's conduct alleged herein constitutes violations of the right to privacy of the public, including Plaintiff and other Nevada residents, and NRS 200 *et seq*.

29. Green Tree concealed from Plaintiff and similarly situated Nevada residents that Green Tree was recording the telephone calls between itself and Plaintiff and other similarly situated Nevada, which calls were initiated by Green Tree.

30. Green Tree concealed the fact that it was recording the aforementioned phone call/s to create the false impression that calls were not being recorded. Green Tree provided no warning or other disclaimers that the phone calls were, or even may, be recorded.

31. Green Tree recorded the conversations with Plaintiff without obtaining Plaintiff's consent, causing harm and damage to Plaintiff. At no time during the telephone calls did Plaintiff give consent, whether express or implied, for the telephone conversations to be recorded.

32. Reasonable Nevada residents expect that their telephone communications are not being recorded in the absence of a call recording advisement of some kind at the outset of the telephone call/s.

33. The calls Green Tree made to Plaintiff were not for emergency purposes.

**ACCRUAL OF RIGHTS TO PRIVACY CLAIMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

34. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Green Tree was recording the phone calls it made to Plaintiff and members of the Nevada Class without their knowledge or consent.

35. Green Tree concealed from Plaintiff and members of the Nevada Class that it was recording the telephone calls between itself and Plaintiff or other members of the Nevada Class.

36. Green Tree concealed the fact that it was recording the aforementioned phone calls to create the false impression in the minds of Plaintiff and members of the Nevada Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

37. Plaintiff is justified in not bringing the claim earlier based on Green Tree's failure to inform Plaintiff and other members of the Nevada Class that the phone calls were being recorded as Plaintiff and his counsel were unaware that Green Tree's recorded telephonic communications with Plaintiff until June 2015.

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

39. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in Nevada whose inbound and outbound telephone conversations were monitored, recorded, and/or eavesdropped upon without their consent by Defendants within three (3) years prior to the filing of the original Complaint in this action."

40. Defendants, and their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendants have or had a policy of recording, and/or eavesdropping upon and/or monitoring incoming and/or outgoing calls;

b. Whether Defendants disclosed to callers and/or obtained their consent that their incoming and/or outgoing telephone conversations were being recorded, eavesdropped upon and/or monitored;

c. Whether Defendants' policy of recording, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of NRS 200.600 *et seq*.;

d. Whether Plaintiff and The Class was damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

44. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $100.00 per day or $1,000 per violation pursuant to NRS 200.690.

45. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest adverse to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims.

46. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy

and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Nevada law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendants have acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF NEVADA REVISED STATUTE 200.620

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. NRS 200.620 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. NRS 200.620 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by

NRS 200.620 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the recording.

51. Defendants employed and/or caused to be employed certain eavesdropping, recording, and listening equipment on the telephone lines of all employees, officers, directors, and managers of Defendants. All these devices were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

52. This listening, recording, and/or eavesdropping equipment was used to record, monitor, or listen to the telephone conversations between Defendants and Plaintiff and/or the members of The Class, all in violation of NRS 200.620.

53. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, statutory remedies and damages, including but not limited to, those set forth in NRS 200.690.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**VIOLATION OF NRS 200.600 ET SEQ.**

- an award of the greater of statutory damages of $100.00 per day or $1,000.00 to each named Plaintiff and member of the Class, pursuant to NRS 200.690(1)(b)(1) against Defendants;

- an award of punitive damages pursuant to NRS 200.690(1)(b)(2), against Defendants;
- an award of costs of litigation and reasonable attorney's fees, pursuant to NRS 200.690(1)(b)(3), against Defendants; and
- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

54. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 7, 2014

Respectfully submitted,

BY: /S/ DANNY J. HOREN___________
DANNY J. HOREN, ESQ.
NV BAR NO. 13153
KAZEROUNI LAW GROUP, APC
ATTORNEYS FOR PLAINTIFF