# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD BUCKLES, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-01581-GMN-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| GREEN TREE SERVICING, et al., ) | |
| ) | |
| Defendants. ) | |

     Presently before the court is the parties' Stipulation and Order to Stay Discovery (ECF No. 16). The parties request that discovery be stayed until the court enters an order on the pending motions to dismiss (ECF Nos. 14, 15) in this case. The parties further state that they will conduct a Rule 26(f) conference within three weeks of the court's order on the pending motions to dismiss.

     The Federal Rules of Civil Procedure do not provide for automatic stays of discovery when a potentially dispositive motion is pending. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that a stay of discovery is directly at odds with the need for expeditious resolution of litigation). Thus, the fact that a dispositive motion is pending is not "a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.* Rather, the Court weighs Rule 1's directive that the Federal Rules of Civil Procedure must "be construed and administered to secure the just, speedy, and inexpensive determination of every action" against "the underlying principle that a stay of discovery should only be ordered if the court is convinced that a plaintiff will be unable to state a claim for relief." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The party seeking the stay

"carries the heavy burden of making a 'strong showing' why discovery should be denied." *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556.

Here, the parties do not meet their burden of explaining why a stay of discovery is appropriate in this case. They do not explain why they are requesting a stay. Nor do they explain whether the pending motions to dismiss are potentially dispositive of the entire case or whether the pending motions can be decided without additional discovery. *See Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). The court therefore is unable to evaluate whether a stay of discovery is appropriate in this case.

IT IS THEREFORE ORDERED that the parties' Stipulation and Order to Stay Discovery (ECF No. 16) is DENIED without prejudice.

DATED: December 2, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**