MICHAEL R. BROOKS, ESQ.
Nevada Bar No. 7287
GREGG A. HUBLEY, ESQ.
Nevada Bar No. 7386
BROOKS HUBLEY LLP
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:   (702) 851-1191
Facsimile:   (702) 851-1198
Email: mbrooks@brookshubley.com
Email: ghubley@brookshubley.com
*Attorneys for Ditech Financial LLC fka Green Tree Servicing LLC,
and Walter Investment Management Corporation*

ELIZABETH HAMRICK, ESQ.
Nevada Bar No. 9414
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL  35801
Telephone:   (256) 517-5100
Facsimile:   (256) 517-5200
Email: ehamrick@babc.com
*Attorneys for Ditech Financial LLC fka Green Tree Servicing LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD BUCKLES on behalf of himself and other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING, LLC, and WALTER INVESTMENT MANAGEMENT CORPORATION,<br><br>Defendants. | Case No.: 2:15-cv-01581-GMN-(CWH)<br><br>[PROPOSED] **PROTECTIVE AND CLAW BACK ORDER** |

1.  Any party or non-party may designate as "confidential" (by stamping or otherwise so designating the relevant page or pages) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business or

financial information, subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information"). Where a document or response consists of more than one page, the first page and each page on which Confidential Information appears shall be so designated.

      2.     A party or non-party may designate information disclosed during a deposition or in response to written discovery as "confidential" by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

      3.     All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

      4.     Except with the prior written consent of the other parties, or upon prior order of this Court obtained with notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

          (a)    counsel for the respective parties in this litigation, including in-house counsel and co-counsel retained for this litigation;

          (b)    employees of such counsel;

          (c)    individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution of this litigation;

          (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification

attached to this Order as **Exhibit A** (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by a corporate defendant or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

    (e)    any authors or recipients of the Confidential Information;

    (f)    the Court, personnel, and court reports; and

    (g)    witnesses (other than persons described in paragraph 4(e).) A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5.    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6.    Unless otherwise permitted by statute, rule, or prior Court Order, papers filed with the Court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

7. A party may designate as "confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (days) from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

    (b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an Order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not confidential.

10. In the event that any party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality. Further, mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality. Specifically, the inadvertent or unintentional disclosure by the Discloser of information, documents, or things that the Discloser thereafter believes should have been designated confidential as provided for herein, regardless of whether the information, documents, or things were so designated at the time of disclosure, shall not be deemed a waiver, in this court or any other state or federal court, in whole or in part, of the Discloser's claim of confidentiality,

either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter; provided, however, the Discloser must notify the party receiving the information (the "Receiver") within a reasonable time after discovery of the inadvertent or unintentional failure to designate by giving written notice to the Receiver that the information, documents, or things are subject to this Protective Order. The Receiver must treat such information, documents, or things in accordance with the appropriate designation, from the date such written notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive such information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made must be immediately advised that the material disclosed must be treated in accordance with this Protective Order. If these persons are not authorized to review the information under this Order, they shall return the information to outside counsel for the Receiver.

11. In addition, the inadvertent production of information subject to attorney-client privilege or work product immunity or other applicable privilege or immunity will not be deemed to constitute a waiver of such privilege or immunity, in this Court or any other state or federal court, in whole or in part. If the Discloser or non-party produces information without intending to waive a claim of privilege, it shall, within a reasonable time after discovering such inadvertent disclosure, notify the Receiver of its claim of privilege. After being so notified, the Receiver shall promptly return or destroy the specified information and any copies thereof. If the Receiver chooses to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the Discloser.

12. If a Receiver receives information from the other party that it believes to be privileged, it shall, within seven (7) business days of discovering such inadvertent disclosure, notify the Discloser of its inadvertent production. If, after the Receiver provides such notification, the Discloser confirms that the information is privileged, the Receiver shall promptly return or destroy the specified information and any copies thereof. If the Receiver chooses to destroy the specified information pursuant to the terms of this provision, confirmation of such destruction shall be promptly provided to the Discloser.

13. Any document(s) produced inadvertently and subject to the claw back provisions of this Order shall remain privileged and confidential, for all purposes and as to all persons and entities whatsoever, in this or any other litigation and in this or any other state or federal court, as if no such

inadvertent disclosure had occurred, to the fullest extent permitted by Federal Rule of Evidence 502, the Federal Rules of Civil Procedure, and the law under which such privilege or confidentiality was created.

14. In the event that any Confidential Information is, consistent with the terms of this Protective Order, used or disclosed in any hearing, trial, deposition, or in any other manner, such information shall not lose its confidential status by reason of such use or disclosure, and counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure. In the event that the Receiver contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Order, the Receiver may, following the return and destruction described herein, challenge the privilege claim through a Motion to Compel or other pleading with the Court. The parties agree that any review of items by the judge shall be an in camera review. Should the Receiver not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Receiver. Nothing containing within this Order shall be deemed to waive any objection that any party may wish to assert under applicable state or federal law.

15. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of the action to counsel for the party or non-party, or (b) destroy such documents within the time period upon such consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

16. The terms of this Order do not preclude, limit, restrict or otherwise apply to the use of documents at trial.

17. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counselor or by oral advice at the time of any deposition or proceeding.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: January 26, 2016

# EXHIBIT A TO PROTECTIVE AND CLAW BACK ORDER

**Certification, Acknowledgment, and Agreement to be Bound**

I, _____ (Name), of _____ (Office and Address), declare under penalty of perjury that I have read in its entirety and understand the PROTECTIVE AND CLAW BACK ORDER that was issued by the Nevada Federal District Court on _____ in the case of SANFORD BUCKLES v. GREEN TREE SERVICING, LLC, and WALTER INVESTMENT MANAGEMENT CORPORATION, Case No.: 2:15-cv-01581-GMN-(CWH). I agree to comply with and to be bound by all the terms of this Protective and Claw Back Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including without limitation being held in contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Nevada Federal District Court for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ (Name of Office and Address) as my agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

_____
Signature

_____
Date

8