UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sanford Buckles, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-1581-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| Green Tree Servicing LLC; Walter Investment ) | |
| Management Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Pending before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction, (ECF No. 15), filed by Defendant Walter Investment Management Corporation ("Walter Investment"). Plaintiff Sanford Buckles ("Plaintiff") filed a response in opposition. (ECF No. 29), and Walter Investment replied, (ECF No. 25). For the reasons set forth herein, the Motion will be granted.

I.   **BACKGROUND**

This case centers upon allegations that Defendant Ditech Financial LLC ("Ditech"),[1] a subsidiary of Walter Investment, recorded telephone conversations without Plaintiff's knowledge or consent, in violation of Section 200.600 of the Nevada Revised Statutes. (Am. Compl., ECF No. 13).

Specifically, Plaintiff alleges that in 2013 and 2014, he had at least five phone conversations with Ditech in which he discussed "highly personal and private information" in attempting to modify a home loan. (*Id.* ¶¶ 16, 17, 23). According to the Amended Complaint,

---

[1] At the time of the events alleged in the Amended Complaint, Ditech was named Green Tree Servicing LLC. (Walter Investment's Mot. to Dism. p. 2 n.2). However, as its name was changed after August 31, 2015, the Court will refer to this Defendant as Ditech in the instant Order.

Ditech recorded these conversations without informing Plaintiff or requesting his consent. (*Id.* ¶¶ 22, 30). Plaintiff further alleges that Walter Investment "knowingly accepted the benefits of" these alleged violations by receiving compensation from consumers whose loans were serviced by Ditech. (*Id.* ¶ 15).

Based on these allegations, the Amended Complaint raises a claim against Ditech and Walter Investment for violating Section 200.600 of the Nevada Revised Statutes. (*Id.* ¶¶ 49-53). In the instant Motion, Walter Investment argues that Plaintiff's claim against it should be dismissed for lack of personal jurisdiction.

## II.  LEGAL STANDARD

A defendant may move to dismiss an action for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. "Although the burden is on the plaintiff to show that the court has jurisdiction over the defendant, in the absence of an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012).

"Where . . . no federal statute authorizes personal jurisdiction, [a] district court applies the law of the state in which the court sits." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). Personal jurisdiction analysis under Nevada law parallels that of the Fourteenth Amendment's Due Process Clause because Nevada's long arm statute extends personal jurisdiction over defendants to the limits of the state and federal constitutions. *See Trump v. Eighth Jud. Dist. Ct.*, 857 P.2d 740, 747 (Nev. 1993).

"There are two types of personal jurisdiction, specific and general." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986). "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." *Id.* (citing

*Helicopteros Nacionales de Colombia*, S.A. v. Hall, 466 U.S. 408, 414 (1984)).  This standard is "fairly high" and uncommonly met. *Id.*  Alternatively, specific jurisdiction is analyzed under a three-prong test in the Ninth Circuit:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource*, 653 F.3d at 1076 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  The plaintiff bears the burden of satisfying the first two prongs, and if this burden is met, the burden then shifts to the defendant to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

If a plaintiff is attempting to impute a subsidiary's actions to its parent company to establish personal jurisdiction, then the plaintiff bears the burden of showing the entities are not separate, rather the "subsidiary is the parent's alter ego." *Harris v. Rutsky & Co, Ins. Services, Inc. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003).  A subsidiary is an "alter ego" of its parent company if it "acts as a general agent of the parent." *Id.*  To show the subsidiary acts as a general agent of the parent company, "the [p]laintiff must make out a prima facie case [showing] '(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001) (quoting *American Telephone & Telegraph Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996)).  "The plaintiff must show . . . the parent exercises such control

over the subsidiary so as to 'render the latter the mere instrumentality of the former." *Harris v. Rutsky & Co. Ins. Services, Inc.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

"A parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent" to establish personal jurisdiction. *Harris*, 328 F.3d 1122, 1134 (9th Cir. 2003) (citing *Unocal*, 248 F.3d at 925). Furthermore, a parent company can lend itself to activities such as "provid[ing] financing to its subsidiary . . . referring to its subsidiaries as divisions of the parent in annual reports," reviewing and approving subsidiary major business decisions, sharing staff and offices, and "plac[ing] its own directors on the subsidiary's board" and still not subject itself to alter-ego status. *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1133 (D. Nev. 2009).

### III. DISCUSSION

Walter Investment argues that it should be dismissed because it lacks minimum contacts with Nevada, and therefore it cannot be subjected to specific or general jurisdiction in this case. In his response, Plaintiff argues that the Court may properly exercise personal jurisdiction over Walter Investment because (1) Ditech is an alter-ego of Walter Investment, and (2) Walter Investment maintains sufficient contacts with Nevada for the Court to exercise general jurisdiction. The Court will address each of these arguments in turn.

#### A. Alter-Ego

In order to demonstrate that Ditech is Walter Investment's alter ego, Plaintiff must show that Walter Investment has exercised control so extensive that Ditech has been rendered a "mere instrumentality" of Walter Investment. *Harris v. Rutsky & Co. Ins. Services, Inc.*, 328 F.3d 1122, 1135 (9th Cir. 2003). To make this prima facie showing, Plaintiff bears the burden of demonstrating that Walter Investment is directly involved in Ditech's day-to-day operations and internal affairs. *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1132 (D.

Nev. 2009) (citing *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980)).

In this case, Plaintiff has failed to set forth allegations demonstrating an alter-ego relationship between Ditech and Walter Investment. In his Response, Plaintiff claims that Walter Investment and Ditech had "more than a simple parent-subsidiary relationship" because two executives of Walter Investment, David C. Schneider and Patricia L. Cook, also serve in leadership roles with Ditech. (Response 13:13-15:3). However, it is thoroughly established that "total ownership and shared management personnel are alone insufficient to establish the requisite level of control" to establish an alter-ego relationship. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003)). Therefore, Plaintiff's allegations that Ditech is owned by Walter Investment and that the two companies have common members within their leadership do not give rise to a finding that Ditech is a "mere instrumentality" of Walter Investment. Thus, as the Court has no basis to impute Ditech's alleged actions to Walter Investment, Plaintiff has failed to satisfy his burden to show that the Court may properly exercise specific jurisdiction over Walter Investment in this case.

**B. General Jurisdiction**

To invoke general jurisdiction a plaintiff "must meet an exacting standard" in demonstrating the requisite minimum contacts. *Ranza*, 793 F.3d at 1069. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014).

In the instant case, it is undisputed that Walter Investment is incorporated in Maryland and its principal place of business is Florida. (Decl. of Jeanetta Brown ¶ 4, ECF No. 15-1). As to Walter Investment's affiliations with Nevada, Plaintiff states only that Walter Investment's "business includes numerous mortgages on real property in Nevada . . . ." (Response 18:1-10). However, the mere fact that Walter Investment does business in Nevada is insufficient to establish general jurisdiction. *See Ranza*, 793 F.3d at 1070 (holding that a defendant's selling products and employing personnel in the forum were insufficient, by themselves, to establish general jurisdiction). Thus, Plaintiff has failed to satisfy his burden to show that Walter Investment is "essentially at home" in Nevada, and the Court therefore cannot exercise general jurisdiction over Walter Investment in this case. Accordingly, Walter Investment's Motion to Dismiss will be granted.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Walter Investment's Motion to Dismiss, (ECF No. 15), is **GRANTED**. Plaintiff's claim against Walter Investment is **DISMISSED** for lack of personal jurisdiction.

**DATED** this __13__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court