# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SANFORD BUCKLES, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREEN TREE SERVICING, LLC and WALTER INVESTMENT MANAGEMENT CORPORATION,<br><br>Defendants. | Case No.: 2:15-cv-01581-GMN-(CWH)<br><br>**CERTIFICATION ORDER TO THE NEVADA SUPREME COURT** |

Before the Court is Defendant Ditech Financial LLC's (formerly known as Green Tree Servicing LLC) ("Ditech") motion to dismiss the amended complaint in this putative class action (ECF No. 14). Plaintiff Sanford Buckles ("Plaintiff") filed a response (ECF No. 20), and Ditech filed a reply (ECF No. 24). For the reasons discussed below, the Court has decided that the motion to dismiss raises a statutory "question of law of this state which may be determinative of the cause" as to which it appears to the Court that "there is no controlling precedent" in the decisions of the Nevada Supreme Court. *See* NEV. R. APP. P. 5(a). The Court therefore certifies questions of Nevada statutory law to the Nevada Supreme Court.

## I.    NATURE OF THE CASE

Plaintiff has filed a putative class action against mortgage servicer Ditech, claiming it violated Nevada Revised Statutes 200.620 by recording telephone conversations involving him and other class members without each class member's consent. ECF No. 13 (amended complaint). Plaintiff has defined the class to

include "All persons in Nevada whose inbound and outbound telephone conversations were monitored, recorded, and/or eavesdropped upon without their consent by [Ditech] within three years prior to the filing of the original Complaint in this action." *Id.* ¶ 39.

Ditech moved to dismiss the complaint, arguing (1) that Nevada Revised Statutes 200.620 does not govern telephone calls recorded by persons outside Nevada on equipment located outside of Nevada, and (2) that the United States Constitution precludes extraterritorial application of Nevada Revised Statutes 200.620 to telephone recordings made outside of Nevada. This Court has determined that Ditech's motion turns on a dispositive question of Nevada's statutory law best decided by the Nevada Supreme Court, since "there is no controlling precedent in the decisions of the Supreme Court of this state." *See* NEV. R. APP. P. 5(a).

## II. STATUTES AT ISSUE

Nevada Revised Statutes 200.620(1) provides, in relevant part:

> Except as otherwise provided in NRS 179.410 to 179.515, inclusive, 209.419 and 704.195, it is unlawful for any person to intercept or attempt to intercept any wire communication unless:
>
> (a) The interception or attempted interception is made with the prior consent of one of the parties to the communication; and
>
> (b) An emergency situation exists and it is impractical to obtain a court order as required by NRS 179.410 to 179.515, inclusive, before the interception, in which event the interception is subject to the requirements of subsection 3. If the application for ratification is denied, any use or disclosure of the information so intercepted is unlawful, and the person who

>>made the interception shall notify the sender and the receiver of the communication that:
>>
>>>(1) The communication was intercepted; and
>>>
>>>(2) Upon application to the court, ratification of the interception was denied.

The Nevada Revised Statutes include the following definitions:

> 1. "Person" includes public officials and law enforcement officers of the State and of a county or municipality or other political subdivision of the State.
>
> 2. "Wire communication" means the transmission of writing, signs, signals, pictures and sounds of all kinds by wire, cable, or other similar connection between the points of origin and reception of such transmission, including all facilities and services incidental to such transmission, which facilities and services include, among other things, the receipt, forwarding and delivering of communications.
>
> 3. "Radio communication" means the transmission of writing, signs, signals, pictures, and sounds of all kinds by radio or other wireless methods, including all facilities and services incidental to such transmission, which facilities and services include, among other things, the receipt, forwarding and delivering of communications. The term does not include the transmission of writing, signs, signals, pictures and sounds broadcast by amateurs or public or municipal agencies of the State of Nevada, or by others for the use of the general public.

Nev. Rev. Stat. 200.610.

"Intercept" means the aural acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device or of any sending or receiving equipment.

Nev. Rev. Stat. 179.430.

The Nevada Revised Statutes contain the following penalties:

A person who willfully and knowingly violates NRS 200.620 to 200.650 inclusive:

> (a) Shall be punished for a category D felony as provided in NRS 193.130.
>
> (b) Is liable to a person whose wire or oral communication is intercepted without his or her consent for:
>
>> (1) Actual damages or liquidated damages of $100 per day of violation but not less than $1,000, whichever is greater;
>>
>> (2) Punitive damages; and
>>
>> (3) His or her costs reasonably incurred in the action, including a reasonable attorney's fee,
>
> all of which may be recovered by civil action.

Nev. Rev. Stat. 200.690(1).

### III.   STATEMENT OF RELEVANT FACTS

Ditech is a Delaware limited liability company which was headquartered in Minnesota at the time the complaint was filed, and which has since moved its headquarters to Florida. Ditech has customer call centers equipped to record telephone calls. Those call centers are located in Arizona and Minnesota. The company does not have any telephone recording equipment in Nevada. Ditech is a home mortgage servicer that regularly services mortgages of Nevada properties.

Plaintiff resides in Nevada in a home whose mortgage is serviced by Ditech. Plaintiff alleges that from 2013 through 2014, Ditech engaged in telephone conversations with Plaintiff regarding the Plaintiff's mortgage and recorded such telephone conversations without Plaintiff's consent.

## IV.  ARGUMENTS OF THE PARTIES

The Nevada Supreme Court has interpreted Nevada Revised Statutes 200.620 to "prohibit the taping of telephone conversations with the consent of only one party." *Lane v. Allstate Ins. Co.*, 969 P.2d 938, 940 (Nev. 1998). Ditech has moved to dismiss Plaintiff's complaint, arguing Nevada Revised Statutes 200.620 does not apply to telephone calls recorded outside of Nevada. Specifically, Ditech argues that NRS 200.620 applies only to recordings that take place with recording equipment in the State of Nevada.

Ditech relies primarily on *McLellan v. State*, 182 P.3d 106 (Nev. 2008). In that case, the Nevada Supreme Court held that a telephone recording made in California was admissible against a Nevada defendant who was party to the call because the recording was not made in Nevada and thus 200.620 did not apply. *Id.* at 109–10. Ditech also relies on authority from the Washington Supreme Court, followed in *McLellan*, holding that the law of the State where the recording is made determines whether interception of the telephone call is lawful. *See State v. Fowler*, 139 P.3d 342, 347 (Wash. 2006) (en banc); *Kadoranian v. Bellingham Police Dept.*, 829 P.2d 1061, 1065 (Wash. 1992) (en banc).

Plaintiff argues that 200.620 applies to telephone calls recorded outside of the State if a person in Nevada is party to the call and does not consent. Plaintiff argues that *McLellan* is distinguishable because it turned on an evidentiary rule (Nevada Revised Statutes 48.077), not 200.620. Plaintiff relies primarily on a California Supreme Court decision, *Kearney v. Salomon Smith Barney*, 137 P.3d

914 (Cal. 2006). *Kearney* held that California's two-party consent statute applied to recordings made outside California because to hold otherwise would disadvantage California residents. *Id.* at 917, 937.

## V. DISCUSSION

If Nevada revised Statutes 200.620 does not apply to recordings made outside of Nevada by Ditech, Ditech's motion to dismiss is due to be granted. If the statute applies to telephone recordings made outside of Nevada by Ditech, however, this Court must decide Ditech's constitutional challenge to the statute under the Due Process Clause and the Dormant Commerce Clause of the United States Constitution. The necessity of reaching these serious constitutional questions depends upon resolution of prior, potentially dispositive, questions of Nevada statutory law. This Court believes there is "no controlling precedent" from the Nevada Supreme Court on these precise "questions of law" and therefore has decided to certify the questions to that court. *See* NEV. R. APP. P. 5(a).

## VI. PARTIES' PROPOSED CERTIFIED QUESTIONS OF STATE LAW

The Parties have met and conferred on the issue but could not agree as to the language of the question(s) of law to be certified to the Nevada Supreme Court. They therefore respectively propose the following:

**Plaintiff's proposed question**: Does Nev. Rev. Stat. 200.620 apply to telephone recordings made by a party outside Nevada, who regularly records telephone conversations with Nevada residents, of telephone conversations with a person in Nevada without that person's consent?

**Defendant's proposed question**: Does Nev. Rev. Stat. 200.620 apply to telephone recordings made by a party outside Nevada who uses equipment outside Nevada to record telephone conversations with a person in Nevada without that

person's consent? If so, does that decision apply retroactively or prospectively only?

**Parties' explanation for competing positions:**

First, Plaintiff maintains that the question presented should include the fact that Defendant "regularly records telephone conversations with Nevada residents," a fact that was considered in *Kearney*. Defendant maintains that the question presented should not include this because the allegation is not relevant. Defendant believes the question should include the fact that the equipment used to record is also located outside Nevada. Plaintiff proposes not to include that concept.

Second, Defendant believes that implicit in the question to be certified is whether any decision to apply the statute to recording that takes place on equipment outside Nevada should apply retroactively or prospectively only. Defendant submits that this issue is subsumed within the question to be certified but should be made explicit, is raised by Plaintiff's reliance on *Kearney*[1], and is now appropriate to raise since the Nevada Supreme Court is the court with the power to make application of the statute prospective only. Plaintiff disagrees that this is appropriate since this issue has never been raised in the Parties' briefing and, furthermore, it is outside of the scope of this Court's Order for the Parties to submit this joint brief.

Accordingly, the parties have submitted competing proposals on the question(s) to be certified.

---

[1] The California Supreme Court applied its decision in *Kearney* prospectively, however, due to prior uncertainty in the law. *Id.* at 937–39.

## VII. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Ditech's motion to dismiss (ECF No. 14) is **DENIED without prejudice**, with permission to renew the motion within 30 days of the resolution of the Court's certified question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that the following questions of law are **CERTIFIED to the Nevada Supreme Court** pursuant to Nevada Rule of Appellate Procedure 5:

**Plaintiff's position**: Does Nev. Rev. Stat. 200.620 apply to telephone recordings made by a party outside Nevada, who regularly records telephone conversations with Nevada residents, of telephone conversations with a person in Nevada without that person's consent?

**Defendant's position**: Does Nev. Rev. Stat. 200.620 apply to telephone recordings by a party outside Nevada who uses equipment outside Nevada to record telephone conversations with a person in Nevada without that person's consent? If so, does that decision apply retroactively, or prospectively only? *See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of the facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Because Defendant Ditech is the movant, Ditech is designated the Appellant and Plaintiff Buckles is designated the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Counsel for Plaintiff**

Michael Kind
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
800-400-6808
mkind@kazlg.com

David H. Krieger
Haines & Krieger, LLC
8985 S. Eastern Avenue
Suite 350
Henderson, NV 89123
(702) 880-5554
Fax: (702) 383-5518
dkrieger@hainesandkrieger.com

**Counsel for Defendant**

Michael R. Brooks
Nevada Bar No. 7287
Gregg A. Hubley
Nevada Bar No. 7386
BROOKS HUBLEY LLP
1645 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 851-1191
Facsimile: (702) 851-1198
mbrooks@brookshubley.com
ghubley@brookshubley.com

Elizabeth Hamrick
Nevada Bar No. 9414
Bradley Arant Boult Cummings LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL  35801
Telephone:   (256) 517-5100
Facsimile:    (256) 517-5200
ehamrick@babc.com

*See* NEV. R. APP. P. 5(c)(5). Further elaboration upon the certified question is included in this Order.

1  **IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a
2  copy of this Order to the Clerk of the Nevada Supreme Court under the official
3  seal of the United States District Court for the District of Nevada. *See* Nev. R.
4  App. P. 5(d).
5  **DATED** this  25  day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court